**SIGNED this 7 day of December, 2016.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | * | |
| RAY TAYLOR and | * | |
| GRACE TAYLOR, | * | Chapter 7 |
| Debtors, | * | Case Number: 16-70218- JTL |
| | * | |
| WALTER KELLEY, TRUSTEE | * | |
| | * | |
| Plaintiff, | * | |
| | * | Adversary Proceeding |
| v. | * | Number: 16-07006 |
| | * | |
| THOMASVILLE NATIONAL BANK | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

This Adversary Proceeding is before the Court to rule on the underlying legal issue as a matter of law per the parties' request. The parties filed statements of uncontested facts and briefs, which are being treated as cross-motions for summary judgment by agreement of the parties. The issue before the Court is whether a security deed may be avoided under 11 U.S.C. §

1

544(a)(3)[1] because it lacks the seal of the notary public acting as the official witness to its attestation.

### Facts

The facts in this case are undisputed. On April 1, 2013, EAGH, LLC executed a Limited Liability Company Warranty Deed for real property located at 105 Fern Court, Thomasville, Thomas County, Georgia ("Property") in favor of the Debtors. The warranty deed was signed, sealed, and delivered in the presence of an unofficial witness and Matthew Shiner, a notary public acting as an official witness. Shiner placed his notary public seal on the warranty deed next to his signature. The warranty deed was recorded in Thomas County on April 3, 2013. Thomasville National Bank ("Bank") financed the Debtors' purchase of the Property in the principal amount of $134,000. In exchange, the Debtors conveyed a Deed to Secure Debt ("Bank Security Deed") for the Property to the Bank. The Security Deed was executed on April 1, 2013 and recorded in Thomas County on April 3, 2013. The Debtors each signed the Bank Security Deed. The signatures of an unofficial witness and Shiner appear below the language "Signed, sealed and delivered in the presence of." However, the Bank Security Deed contains no notary public seal. The Bank Security Deed was recorded immediately following the recording of the warranty deed. The Debtors also conveyed and signed a second priority purchase money Deed to Secure Debt ("Second Priority Deed") in favor of EAGH, LLC. The signatures of an unofficial witness and Shiner appear below the language "Signed, sealed and delivered in the presence of." Next to his signature on the Second Priority Deed, Shiner placed his notary public seal. The Second Priority Deed was recorded immediately following the recording of the Bank

---

[1] All statutory references hereinafter and not otherwise denoted are to Title 11 of the United States Code, which is referred to as "the Bankruptcy Code."

2

Security Deed.  The Debtors filed for Chapter 7 bankruptcy relief on February 29, 2016.  Walter Kelley was appointed the Chapter 7 Trustee ("Trustee").

## Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a),[2] summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (2016); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The summary judgment standard "mirrors" the standard for a Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a). *Anderson*, 477 U.S. at 250.  The party seeking summary judgment bears the initial burden of "informing the [trial] court of the basis for its motion, and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which support its motion. *Celotex Corp.*, 477 U.S. at 322.

## Legal Conclusions

Pursuant to § 544(a)(3), a trustee may avoid a transfer of real property that is voidable by a hypothetical bona fide purchaser that obtains the status of a bona fide purchaser and has perfected the transfer of real property at the time of the commencement of the case. 11 U.S.C. § 544(a)(3) (2016).  Georgia law determines whether the Trustee can use his strong-arm power to avoid a deed to secure debt that lacks the seal of the notary public serving as the official witness to its attestation. *In re Codrington*, 691 F.3d 1336, 1339 (11th Cir. 2012).  The Trustee argues that the Bank Security Deed is patently defective under Georgia law because it was not properly attested by the notary public serving as the official witness.  The Trustee contends that the deed was not properly attested because it lacks the notary public seal of Shiner.  Furthermore, the

---

[2] This rule is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.

3

Trustee argues that the patently defective deed does not put a bona fide purchaser on constructive notice of the transfer between the Debtors and the Bank; therefore, the Trustee may use his strong-arm power to avoid the transfer. The Bank argues that the Trustee was on notice of the transfer because the Bank Security Deed was one transfer among three transfers executed on the same day, all of which related to the purchase of the Property, and only the Bank Security Deed lacked Shiner's notary public seal.

Under section 44-14-61 of the Official Code of Georgia Annotated ("O.C.G.A."), deeds to secure debt must be "signed by the maker, attested by an officer as provided in [O.C.G.A. §] 44-2-15, and attested by one other witness." O.C.G.A. § 44-14-61 (2016).[3] A notary public is included in the list of officers that may attest to a deed to secure debt. O.C.G.A. § 44-2-15 (2016). Under O.C.G.A. § 45-17-6(a)(1), a notary public must provide his seal of office in order to authenticate his notarial act. O.C.G.A. § 45-17-6(a)(1) (2016). *See In re Rainwater*, 2013 WL 5591924, at *1 (Bankr. N.D. Ga. Sept. 18, 2013) ("Where a notary serves as the official witness, the notary 'must provide a seal of office.'"). A notarial act is defined as "any act that a notary public is authorized by law to perform *and includes, without limitation, attestation,* the taking of an acknowledgment, the administration of an oath or affirmation, the taking of a verification upon an oath or affirmation, and the certification of a copy." O.C.G.A. § 45-17-1(2) (2016) (emphasis added).

Section 44-14-33 of the O.C.G.A. provides that "[i]n the absence of fraud, if a mortgage is duly signed, witnessed, filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers."

---

[3] The Court notes that prior to July 1, 2015, O.C.G.A. § 44-14-61 stated, "In order to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages." The amendment now reflects the same requirements as those for attestation under mortgage law in O.C.G.A. § 44-14-33.

4

O.C.G.A. § 44-14-33 (2016).  The Georgia Supreme Court has held that the language in O.C.G.A. § 44-14-33 regarding constructive notice applies to the recording of security deeds. *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 14 (2011) ("The objects of a mortgage and security deed . . . under the provisions of the [O.C.G.A.] are identical – security for a debt. . . ." (quoting *Merch.s' & Mech.s' Bank v. Beard*, 162 Ga. 446, 449 (1926))). *See In re Simpson*, 544 B.R. 913, 918 (Bankr. N.D. Ga. 2016) (applying O.C.G.A. § 44-14-33 in a case involving a deed to secure debt executed in 2004); *JP Morgan Chase Bank, N.A. v. Suarez*, 2014 WL 11517818, at *9 (N.D. Ga. Mar. 10, 2014) ("A duly recorded security deed simply serves as constructive notice of its existence to all subsequent purchasers or creditors, in which case actual notice is not required.").  The recording of a security deed that is patently or facially defective does not provide constructive notice to a bona fide purchaser. *In re Simpson*, 544 B.R. at 918 (citing *U.S. Bank Nat'l Ass'n*, 289 Ga. at 14).  The mere fact that a security deed has been filed, recorded, and indexed in the county records does not put a subsequent bona fide purchaser on constructive notice of the underlying transfer or existence of the deed. *See U.S. Nat'l Bank Ass'n*, 289 Ga. at 14 (rejecting U.S. Bank's argument that a "'*duly* filed, recorded, and indexed' deed is simply one that is *in fact* filed, recorded, and indexed, even if unattested by an officer or a witness"). Rather, only "[t]he recording of a properly attested security deed serves as constructive notice to all subsequent bona fide purchasers." *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 475 (2013). *See In re Bailey*, 2011 WL 2971907, at *2 (Bankr. N.D. Ga. May 24, 2011) (noting that a security deed did not have a patently defective attestation because it contained the signature of the borrower, a notary seal, and was signed by both an unofficial and official witness). *See also* 2 DANIEL F. HINKEL, PINDAR'S GA. REAL ESTATE LAW AND PROCEDURE § 19:70 (7th ed. 2016) ("Deeds must have the seal of the notary attached . . . .").

5

Based on the forgoing authority, this Court finds that the Bank Security Deed was not properly attested by an official witness because it lacked the seal of office of the notary public serving as the official witness. It is clear from the face of the Bank Security Deed that Shiner failed to provide his seal of office next to his signature or anywhere else in the document. Furthermore, Shiner did not file an affidavit with the Bank Security Deed to cure the defect caused by the absence of his notary seal. *See generally In re Kim*, 571 F.3d 1342, 1347 (11th Cir. 2009) (notary public's seal on an affidavit incorporated into security deed by specific language in waiver of borrower's rights rider on the same page as the affidavit cured the defect caused by the absence of the notary seal on the deed's attestation page). Under O.C.G.A. § 45-17-6(a)(1), Shiner is required to place his notary seal on any notarial act, including attestation of the Bank Security Deed. The failure to do so rendered the Bank Security Deed ineligible for recordation because an officer as provided in O.C.G.A. § 44-2-15 did not attest to the execution of the deed in accordance with O.C.G.A. § 44-14-61. To rule otherwise would make the requirements imposed on notary publics under O.C.G.A. § 45-17-6(a)(1) inapplicable to the common notarial act of attesting to a security deed. The recordation of the Bank Security Deed as it was recorded does not provide constructive notice of the underlying transfer or existence of the security deed to a subsequent bona fide purchaser. Because the Bank Security Deed may be avoided by a subsequent bona fide purchaser, the Trustee may use his strong-arm power to avoid the security deed pursuant to § 544(a)(3).

An order will be entered in accordance with this Memorandum Opinion.